UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Alicia K. Estabrook, | Civ. No. 23-1234 (JWB/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| Michael Segal, *Warden*, | |
| Respondent. | |

---

Alicia K. Estabrook, Reg. No. 10839-059, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, pro se Petitioner.

Ana H. Voss, Esq., Chad A. Blumenfield, Esq., United States Attorney's Office, counsel for Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge John F. Docherty dated May 9, 2023. (Doc. No. 3.) Petitioner Alicia K. Estabrook filed an objection to the recommendation that this Court deny and dismiss the petition. (Doc. No. 5.)

The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed,

the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is *pro se*, her objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed Petitioner's objections to the May 9, 2023 R&R. Petitioner objects to the R&R's alternative analysis finding the regulation a reasonable interpretation of the statute. However, Petitioner does not object to the R&R's primary analysis finding the plain language of the statute unambiguously requires measuring prisoners' time credits based on the number of days they participate in eligible programs. After reviewing the R&R and the applicable law, the Court finds no clear error in this analysis. Petitioner's objection to the alternative analysis is therefore inconsequential. The remaining issues, raised for the first time in Petitioner's objection, deal with conditions of confinement, which are not cognizable in habeas. Further, Petitioner waived these issues by failing to raise them in the original petition. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding arguments waived when not first presented to the magistrate judge). Accordingly, the Court overrules Petitioner's objection and accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1. Petitioner Alicia K. Estabrook's Objection to the Report and Recommendation (Doc. No. 5) is **OVERRULED**;

2. The Report and Recommendation (Doc. No. 4) is **ACCEPTED**;

3. Petitioner Alicia K. Estabrook's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

4. This action is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: June 27, 2023                                    *s/ Jerry W. Blackwell*
                                                      JERRY W. BLACKWELL
                                                      United States District Judge